IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARQUITA WAFER** § | |
|     **PLAINTIFF,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO.** _____ |
| § | |
| **SAM'S WEST, INC. d/b/a SAM'S** § | |
| **CLUB** § | |
|     **DEFENDANT.** § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, SAM'S EAST, INC., an Arkansas Corporation (incorrectly named SAM'S WEST, INC. d/b/a SAM'S CLUB) ("Defendant") and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.

### INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the County Court at Law Number 5, Dallas County, Texas, where this matter was pending under Cause No. CC-22-04495-E, in a matter styled *Marquita Wafer v. Sam's West, Inc. d/b/a Sam's Club* (the "State Court Action").

### II.

### NATURE OF THE SUIT

2. Plaintiff brings this lawsuit under theories of negligence based on her alleged personal injury in Defendant's store. *See* Plaintiff's Original Petition, ¶9. Plaintiff alleges that on or about December 4, 2021, she was an invitee at Defendant's store when she slipped on a

strawberry causing her injuries. *Id.* Defendant timely filed its Original Answer, denying Plaintiff's allegations and asserting its affirmative defenses. *See* Defendant's Original Answer.

### III.

### TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on August 17, 2022. Defendant accepted service on August 22, 2022 through its agent, CT Corporation System. This removal is timely because it is filed within 30 days after Defendant ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446.[1]

### IV.

### BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by Plaintiff's settlement demand.

6. Plaintiff is domiciled in the state of Texas and therefore is a citizen of Texas.

7. Plaintiff sued Sam's West, Inc. d/b/a Sam's Club. While Sam's West, Inc. d/b/a Sam's Club is not a properly named party; Sam's East, Inc. is an Arkansas corporation. The principal place of business is Bentonville, Arkansas. Accordingly for diversity purposes, Sam's East, Inc. is a citizen of Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

8. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The

---

[1] Per Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of a period falls on a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

9. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Wal-Mart Property Co. is also a wholly owned subsidiary of Wal-Mart Stores East, LP.

10. Wal-Mart Stores East, LP is a Delaware limited partnership. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based upon the citizenship of each of its partners. *Harvey,* 542 F.3d at 1079. WSE Management, LLC is the general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the limited partner. The citizenship of these LLCs is determined by the citizenship of each of its members. *See id.* at 1080. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.).

11. Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in Arkansas. The citizenship of

an LLC is the same as the citizenship of all of its members. *Id.* The sole member of Wal-Mart Stores East, LLC is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.).

12. Wal-Mart Inc. is an incorporated entity under the laws of the State of Delaware and has its principal place of business in Arkansas. Therefore, Wal-Mart Inc. is a citizen of Delaware and Arkansas. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

13. Accordingly, for diversity purposes, Defendant Sam's East, Inc. is a citizen of Delaware and Arkansas.

14. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Sam's East, Inc. pursuant to 28 U.S.C. § 1332.

15. Plaintiff seeks medical care and expenses in the past and future, physical pain and suffering in the past and future, past and future physical impairment, Lost of earnings in the past and future, to which Plaintiff may be entitled, as set forth in Plaintiff's Original Petition. *See* ¶15 a-h.

16. In Plaintiff's Original Petition, Plaintiff seeks monetary relief of at last $250,000 but not more than $1,000,000 *Id.* at ¶1. Thus, the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

## V.

## **THIS NOTICE IS PROCEDURALLY CORRECT**

17. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Sam's East, Inc. in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) to Defendant's knowledge and belief the amount in controversy exceeds $75,000,

exclusive of interest and costs.

18. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) as follows:

      A.    Docket Sheet in the State Court Action;
      B.    Index of all documents filed in the State Court Action;
      C.    Copies of all process, pleadings and orders filed in State Court;

19. Defendant is also filing a completed Civil Cover Sheet, Supplemental Cover Sheet, and Certificate of Interested Persons with this Notice of Removal.

20. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenges the allegations in a motion to remand or other filing.

21. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the County Court at Law No. 5, Dallas County, Texas, where this matter was pending under Cause No. CC-22-04495-E, in a matter styled *Marquita Wafer v. Sam's West, Inc. d/b/a Sam's Club*.

22. A jury trial has been demanded in the State Court Action by Defendant.

23. Trial has not commenced in the County Court at Law No. 5, Dallas County, Texas.

## VI.

## **CONCLUSION**

24. Because diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the County Court at Law No. 5, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Sam's West, Inc. d/b/a Sam's Club files this Notice of Removal pursuant to and in conformance with the statutory requirements, and removes this action from the County Court at Law No. 5, Dallas County, Texas.

**FURTHER**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   */s/ Derek S. Davis*
**DEREK S. DAVIS**
Texas Bar No. 00793591
Email:  Derek.Davis@CooperScully.com
**JAMES KURITZKES**
Texas Bar No. 24120956
Email: James.Kuritzkes@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record named below, *via* facsimile, certified mail/return receipt request, electronic mail, and/or e-service on this 15th day of September, 2022.

**Andrew R. Scott**
BEST, WATSON, & GILBERT, P.C.
870 W. I-30
Garland, Texas 75043
Telephone: (214) 528-6060
Facsimile:  (214) 528-6020
ascott@bestlawcenter.com
**ATTORNEY FOR PLAINTIFF**

      */s/ Derek S. Davis*
      **DEREK S. DAVIS**