# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARQUITA WAFER** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**_____ |
| | § | |
| **SAM'S WEST, INC. d/b/a SAM'S** | § | |
| **CLUB** | § | |
| | § | |
| **DEFENDANT.** | | |

---

## INDEX OF STATE COURT PLEADINGS AND FILING DATES

---

| TAB | DOCUMENT | DATE |
|-----|----------|------|
| 1. | State Court Docket Sheet of the County Court at Law No. 5, Dallas, County Texas; Cause No. CC-22-04495-E | 09/14/2022 |
| 2. | Plaintiff's Original Petition | 08/14/2022 |
| 3. | Citation Issued to Defendant Sam's West, Inc. d/b/a Sam's Club | 08/17/2022 |
| 4. | Citation issued to Sam's West, Inc. d/b/a Sam's Club | 08/17/2022 |
| 5. | Executed Citation to Sam's West, Inc. d/b/a Sam's Club | 08/22/2022 |
| 6. | Letter to Andrew R. Scott regarding Dismissal Hearing Set for November 28, 2922 | 08/24/2022 |
| 7. | Defendant's Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Complaint | 09/09/2022 |

# TAB NO. 1

## Case Information

CC-22-04495-E | MARQUITA WAFER vs.SAM'S WEST, INC. D/B/A SAM'S CLUB

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-22-04495-E | County Court at Law No. 5 | GREENBERG, MARK |
| File Date | Case Type | Case Status |
| 08/17/2022 | DAMAGES (NON COLLISION) | OPEN |

## Party

**PLAINTIFF**
WAFER, MARQUITA

Address
870 W. Interstate 30
N/A
Garland TX 75043

Active Attorneys ▾
Lead Attorney
SCOTT, ANDREW R
Retained

**DEFENDANT**
SAM'S WEST, INC. D/B/A SAM'S CLUB

Address
REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK S.
Retained

## Events and Hearings

08/17/2022 NEW CASE FILED (OCA)

08/17/2022 CORRESPONDENCE ▼

CORRESPONDENCE LETTER

Comment
REQUEST TO ISSUE CITATION

08/17/2022 ORIGINAL PETITION ▼

PLAINTIFF'S ORIGINAL PETITION

08/17/2022 ISSUE CITATION ▼

CITATION 2012

Comment
ESERVE# 67405759

08/17/2022 CITATION (SERVICE) ▼

Served
08/22/2022 12:49 PM

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
08/22/2022 6:41 PM
Comment
SAM'S WEST, INC. D/B/A SAM'S CLUB

08/22/2022 RETURN OF SERVICE ▼

SAM'S WEST INC DBA SAMS CLUB

Comment
SAM'S WEST INC DBA SAMS CLUB

09/09/2022 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

09/09/2022 JURY DEMAND

11/28/2022 DISMISSAL HEARING ▼

1 CCL#5 Y LETTER

Judicial Officer
GREENBERG, MARK

Hearing Time
9:00 AM

## Financial

WAFER, MARQUITA

|  | | Total Financial Assessment | | $358.00 |
|---|---|---|---|---|
|  | | Total Payments and Credits | | $358.00 |
| 8/17/2022 | Transaction Assessment | | | $358.00 |
| 8/17/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-07935 | WAFER, MARQUITA | ($221.00) |
| 8/17/2022 | STATE CREDIT | | | ($137.00) |

## Documents

CORRESPONDENCE LETTER

PLAINTIFF'S ORIGINAL PETITION

CITATION 2012

SAM'S WEST INC DBA SAMS CLUB

1 CCL#5 Y LETTER

ORIGINAL ANSWER

# TAB NO. 2

D/1052014v1

FILED
8/17/2022 10:31 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-02041-L   Document 1-3   Filed 09/15/22   Page 8 of 35   PageID 19

CC-22-04495-E

CAUSE NO. _____

| | | |
|---|---|---|
| **MARQUITA WAFER** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS.** | § | **AT LAW NO.** |
| | § | |
| **SAM'S WEST, INC. d/b/a SAM'S** | § | **DALLAS COUNTY, TEXAS** |
| **CLUB** | § | |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff, Marquita Wafer, complaining of Defendant, Sam's West, Inc. d/b/a Sam's Club, and for causes of action would respectfully show the Court as follows:

## DISCOVERY LEVEL

1. Plaintiff affirmatively pleads that she seeks monetary relief over $250,000 but not more than $1,000,000. Discovery is to be conducted under Level 3, Tex. R. Civ. P. 190.4.

## PARTIES

2. Plaintiff is an individual resident of Dallas County, Texas.

3. Defendant, Sam's West, Inc. d/b/a Sam's Club, is a corporation doing business in the State of Texas and can be served through its registered agent, CT Corporation System located at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to Defendant.

7. Furthermore, Plaintiff would show that Defendant engaged in activities consulting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in Texas.

8. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. On or about December 4, 2021, Plaintiff, Marquita Wafer, was an invitee at Defendant Sam's West, Inc. d/b/a Sam's Club's store located at 2900 W. Wheatland Rd., Dallas, TX 75237. As Plaintiff was shopping at Defendant's store, she slipped on a strawberry that was on the floor. Consequently, Plaintiff slipped, fell, and injured various areas of her body.

## PLAINTIFF'S CLAIM OF PREMISES DEFECT AGAINST DEFENDANT

10. At all times mentioned herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

11. Defendant, Defendant's agents, and employees failed to make the premises reasonably safe by failing to inspect the premises.

12. Defendant failed to maintain a safe environment by failing to provide a clear, dry, and safe walkway.

13. At all times pertinent herein, Defendant and any of Defendant's agents, who were acting

in the scope of their employment, were guilty of negligent contact toward Plaintiff:

a. In Defendant's failing to timely inspect the area where Plaintiff was walking;
b. In Defendant creating a dangerous condition by not regularly inspecting the premises;
c. In Defendant's failing to timely inspect the floor for dangerous conditions;
d. In Defendant's, through its employee(s), failing to use due and reasonable care to avoid creating dangerous conditions;
e. In Defendant's failing to properly train its employees to identify and make safe dangerous conditions, which pose an unreasonable risk of injury;
f. In Defendant's failing to warn Plaintiff of a strawberry on the floor;
g. In Defendant's, through its employee(s), causing the unreasonable risk of harm by failing to properly maintain the walkway and creating a dangerous condition thereby putting Defendant on notice because when an owner or occupier of a premises, or those whose conduct it is reasonable, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew of should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger*, 597 S.W.2d 560 (Tex. Civ. App.-Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz*, 109 S.W.3d 584, 589 (Tex 2003).

## PROXIMATE CAUSE

14. Each and every, all and singular of the foregoing acts and omissions, on the part of

Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the

injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff

was caused to suffer physical injuries, and to incur the following damages:

a. Reasonable medical care and expenses in the past;
b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
c. Physical pain and suffering in the past;
d. Physical pain and suffering in the future;
e. Physical impairment sustained in the past;
f. Physical impairment sustained in the future;
g. Loss of earnings in the past; and

Plaintiff's Original Petition – Page 3

h.  Loss of earning capacity in the future.

## PRAYER

WHERFORE, PREMISES CONSIDERED, Plaintiff, Marquita Wafer, respectfully prays

that Defendant, Sam's West, Inc. d/b/a Sam's Club, be duly cited to appear and answer herein,

and that upon a final hearing of the cause, judgment be entered for the Plaintiff against

Defendant for damages in an amount within the jurisdictional limits of the Court; together with

pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate

allowed by law; post judgment interest at the legal rate; costs of court; and such other and further

relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

BEST, WATSON & GILBERT, P.C.
870 W. I-30
Garland, Texas 75043
ascott@bestlawcenter.com
(214) 528-6060
(214) 528-6020 [Telecopier]

By: _____

Andrew R. Scott
State Bar No. 24095195
ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robyn George on behalf of Andrew Scott
Bar No. 24095195
rgeorge@bestlawcenter.com
Envelope ID: 67377364
Status as of 8/17/2022 10:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew RScott | | ascott@bestlawcenter.com | 8/17/2022 10:31:08 AM | SENT |
| Robyn George | | rgeorge@bestlawcenter.com | 8/17/2022 10:31:08 AM | SENT |

# TAB NO. 3

FILED
8/17/2022 10:31 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# Best, Watson & Gilbert, P.C.

### Attorneys and Counselors

Andrew R. Scott                                        ascott@bestlawcenter.com
Attorney                                                    (214) 528-6060

August 17, 2022

***Via E-Service***                            CC-22-04495-E
Dallas County Clerk
George L. Allen Courts Building
600 Commerce Street, Suite 101
Dallas, Texas 75202

        Re:   *Marquita Wafer vs. Sam's West, Inc. d/b/a Sam's Club*

Dear Clerk:

        Enclosed please find Plaintiff's Original Petition in the above-referenced matter. Please issue a citation for service of the Defendant and return the file-marked copies of the Petition and the citation to me at rgeorge@bestlawcenter.com.

        Thank you for your attention to this matter.

                                        Sincerely,

                                        Robyn George
                                        Paralegal to Andrew R. Scott
                                        rgeorge@bestlawcenter.com

/rg
Enclosure

Cc:    ***Via U.S. Mail, E-Mail & Facsimile***
        Attn: Patricia Bland
        Walmart Claims Services
        P.O. Box 14731
        Lexington, KY 40512
        File Number: 9933758
        Date of Loss: 12/04/2021
        Facility # 8282
        Fax: (877) 219-0742
        Email: trisha.bland@walmart.com

870 W. Interstate 30, Garland, Texas 75043
(214) 528-6060 / Fax: (214) 528-6020

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robyn George on behalf of Andrew Scott
Bar No. 24095195
rgeorge@bestlawcenter.com
Envelope ID: 67377364
Status as of 8/17/2022 10:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew RScott | | ascott@bestlawcenter.com | 8/17/2022 10:31:08 AM | SENT |
| Robyn George | | rgeorge@bestlawcenter.com | 8/17/2022 10:31:08 AM | SENT |

# TAB NO. 4

D/1052014v1

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-22-04495-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**SAM'S WEST, INC. D/B/A SAM'S CLUB**
**REGISTERED AGENT: CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TX  75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MARQUITA  WAFER**
*Plaintiff(s)*

**VS.**

**SAM'S WEST, INC. D/B/A SAM'S CLUB**
*Defendant(s)*

Filed in said Court on the 17th day of August, 2022, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 17th day of August, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
        Momodou Bayo

---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-22-04495-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

MARQUITA WAFER, *Plaintiff(s)*

**VS.**

SAM'S WEST, INC. D/B/A SAM'S
CLUB, *Defendant(s)*

---

**SERVE:**
**SAM'S WEST, INC. D/B/A SAM'S CLUB**
**REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS TX  75201**

**ISSUED THIS**
**17TH DAY OF AUGUST, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

ANDREW R SCOTT
BEST WATSON & GILBERT PC
870 WEST INTERSTATE 30
GARLAND TX  75043
214-528-6060

---



NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-22-04495-E   County Court at Law No. 5

MARQUITA WAFER vs. SAM'S WEST, INC. D/B/A SAM'S CLUB

**ADDRESS FOR SERVICE:**
REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX  75201

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to SAM'S WEST, INC. D/B/A SAM'S CLUB in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____
and the cause or failure to execute this process is:

_____
and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy        $_____    _____, Officer

Total    $_____              _____, County, Texas

By:_____, Deputy

_____, Affiant

# TAB NO. 5

Electronically Served
8/17/2022 4:39 PM

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-22-04495-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

FILED
8/22/2022 6:41 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

TO:

**SAM'S WEST, INC. D/B/A SAM'S CLUB**
**REGISTERED AGENT: CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**MARQUITA WAFER**
*Plaintiff(s)*

VS.

**SAM'S WEST, INC. D/B/A SAM'S CLUB**
*Defendant(s)*

Filed in said Court on the 17th day of August, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 17th day of August, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
    Momodou Bayo

---

**ATTORNEY**
**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-22-04495-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

MARQUITA WAFER, *Plaintiff(s)*

VS.

SAM'S WEST, INC. D/B/A SAM'S
CLUB, *Defendant(s)*

**SERVE:**
**SAM'S WEST, INC. D/B/A SAM'S CLUB**
**REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**17TH DAY OF AUGUST, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

ANDREW R SCOTT
BEST WATSON & GILBERT PC
870 WEST INTERSTATE 30
GARLAND TX 75043
214-528-6060

**Officer or Authorized return**

Came to hand on the ___22nd_ day of August _A.D., 2022_, at _8:00 o'clock._
_A.M._ and executed by delivering **Sam's West, Inc. d/b/a Sam's Club** registered agent CT
Corporation System accepted by Terri Thongsavat the _22nd_ day of August A.D.
2022, at __12:49_ o'clock  P.M.,_ the within named defendant, in person, a true copy of
this Citation, together with a copy of original petition with date of service marked thereon, at
the following location,   1999 Bryan Street, Suite 900 Dallas Texas 75201

Citation CC-22-04495-E

Witness Fee: _____
For mileage _____
For Notary_____

_____          **PSC 4688 expires 2/28/2024**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
in accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is;      July 2, 1960_____ and my address is; 1801 Vassar Drive Richardson Texas 75081
                                                                      Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

## Dave Valfer

**From:** CLS-SOPDALTEAM@WOLTERSKLUWER.COM
**Sent:** Monday, August 22, 2022 12:49 PM
**To:** premierprocess@swbell.net
**Subject:** Intake Portal - Job #191754 has been received

Hello David Valfer,

We confirm receipt of the following documents via the Intake Portal on the date, time and location indicated below.

**Date:** Mon, Aug 22, 2022
**Time:** 12:49 PM
**Name:** David Valfer
**Juris Served:** TX
**Job ID:** 191754

SAM'S WEST, INC.              C T CORPORATION SYSTEM                  cc-22-04495-e

You can also view the status of your job at
https://intake.ctcorporation.com/

Thank you
Intake Specialist: Terri Thongsavat
CT Corporation, a Wolters Kluwer Company

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67532816
Status as of 8/24/2022 10:24 AM CST
Associated Case Party: SAM'S WEST, INC. D/B/A SAM'S CLUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| ROBYN GEORGE | | rgeorge@bestlawcenter.com | 8/22/2022 6:41:25 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67532816
Status as of 8/24/2022 10:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew RScott | | ascott@bestlawcenter.com | 8/22/2022 6:41:25 PM | SENT |
| Robyn George | | rgeorge@bestlawcenter.com | 8/22/2022 6:41:25 PM | SENT |
| David Valfer | | premierprocess@swbell.net | 8/22/2022 6:41:25 PM | SENT |

# TAB NO. 6



**JUDGE JUAN RENTERIA**
**COUNTY COURT AT LAW NO. 5**
**GEORGE L ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5th FLOOR**
**DALLAS, TEXAS  75202-5792**
**214-653-6503**

Chambers of Juan Renteria                                                     August 24, 2022

ANDREW R SCOTT
BEST WATSON & GILBERT PC
870 WEST INTERSTATE 30
GARLAND TX  75043

Re:    Cause No        CC-22-04495-E

       Cause Style:    MARQUITA WAFER vs.SAM'S WEST, INC. D/B/A SAM'S CLUB

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rule of Civil Procedure,
on: November 28, 2022 **at  9:00 a.m.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts
alleged in your petition in issue, you will be expected to have moved for, and to have  had heard, a summary
judgment or to have proved up a default judgment on or prior to that date.  Your failure to have done so will
result in the dismissal of the case on the above date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, or
if you have been unable to obtain service of process, you should plan to notify the court to obtain a reset of the
dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an un-liquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit with a form of judgment.

If you should have any questions, please feel free to call us.

                                          Very Truly Yours,

                                          Judge Juan Renteria
                                          County Court at Law No. 5
                                          Dallas County, Texas

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH **$22.OO** FOR THE JURY
FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*

# TAB NO. 7

FILED
9/9/2022 3:47 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-22-04495-E

| | | |
|---|---|---|
| MARQUITA WAFER | § | IN THE COUNTY COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | AT LAW NO. 5 |
| SAM'S WEST, INC. d/b/a SAM'S CLUB | § | |
| DEFENDANT. | § | |
| | § | DALLAS COUNTY, TEXAS |

---

### DEFENDANT SAM'S EAST, INC., AN ARKANSAS CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, SAM'S EAST, INC., an Arkansas Corporation (incorrectly named SAM'S WEST, INC. d/b/a SAM'S CLUB) ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

### I.
### GENERAL DENIAL

1.     Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

### II.
### AFFIRMATIVE DEFENSES

2.     Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES

---

CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id.* Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for

pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting

conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

17.     Pleading further and in the alternative, Defendant affirmatively asserts that Plaintiff did not exercise due diligence to effectively "bring suit" within the two-year time statute of limitation period prescribed by Chapter 16 of the Texas Civil Practice & Remedies Code. *See also Grant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).

### III.
### NOTICE OF INTENT

18.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that it may use in pretrial proceedings or at trial any and all documents and

tangible things produced in discovery by plaintiff.

**IV.**
**DEMAND FOR JURY TRIAL**

19.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:     */s/ Derek S. Davis*
        **DEREK S. DAVIS**
        Texas Bar No. 00793591
        Email:  Derek.Davis@CooperScully.com
        **JAMES KURITZKES**
        Texas Bar No. 24120956
        Email: James.Kuritzkes@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT**
**SAM'S EAST, INC., AN ARKANSAS**
**CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Andrew R. Scott**
BEST, WATSON, & GILBERT, P.C.
State Bar No. 24095195
870 W. I-30
Garland, Texas 75043
Telephone: (214) 528-6060
Facsimile:  (214) 528-6020
ascott@bestlawcenter.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Derek S. Davis*
**DEREK S. DAVIS**

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 68121086
Status as of 9/9/2022 4:02 PM CST

Associated Case Party: SAM'S WEST, INC. D/B/A SAM'S CLUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| ROBYN GEORGE | | rgeorge@bestlawcenter.com | 9/9/2022 3:47:48 PM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 9/9/2022 3:47:48 PM | SENT |
| James Kuritzkes | | james.kuritzkes@cooperscully.com | 9/9/2022 3:47:48 PM | SENT |
| Heather Savant | | heather.savant@cooperscully.com | 9/9/2022 3:47:48 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 68121086
Status as of 9/9/2022 4:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew RScott | | ascott@bestlawcenter.com | 9/9/2022 3:47:48 PM | SENT |
| David Valfer | | premierprocess@swbell.net | 9/9/2022 3:47:48 PM | SENT |
| Robyn George | | rgeorge@bestlawcenter.com | 9/9/2022 3:47:48 PM | SENT |